IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**BERNICE KNOTT** **PLAINTIFF**

**V.** **CAUSE NO. 3:11-CV-00256-CWR-FKB**

**PATRICK R. DONAHOE,**
**POSTMASTER GENERAL** **DEFENDANT**

<u>ORDER DENYING MOTION TO DISMISS</u>

After supplemental briefing on issues raised by the Court, the above-styled matter is before the Court on Patrick R. Donahoe's motion to dismiss a civil claim for assault brought by the plaintiff, Bernice Knott. The Court has reviewed the briefs and, after due consideration, has concluded that the motion must be denied.

According to plaintiff Bernice Knott (hereinafter "Knott"), she was contacted by postal inspectors on November 4, 2009, who were searching for another person.[1] During the course of an interview in a parking lot, one of the inspectors wrenched Knott's arms behind her back in a fit of unprovoked rage and handcuffed her.[2] She suffered damages as a result.[3]

In time, Knott filed a criminal complaint, which led to a criminal charge being filed in municipal court.[4] Pursuant to Title 28, Sections 1442(a)(1) and 1446(a) of the United States

---

[1] Complaint [Docket No. 1] at 3.

[2] Complaint at 4-5.

[3] Complaint at 6-7. Specifically, the plaintiff seeks a judgment of $2,568,960, plus attorney's fees.

[4] Memorandum in Support of Defendant's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted [Docket No. 6] (hereinafter "Defendant's Memo") at 2.

Code, however, the matter was removed to federal court,[5] and Magistrate Judge Linda R. Anderson submitted a Report and Recommendation in which she made certain factual findings and ultimately determined that the charges should be dismissed for reason of Supremacy Clause Immunity.[6] Judge Barbour adopted Judge Anderson's recommendations *in toto*[7] and dismissed the prosecution.

Knott returned to federal court on April 29, 2011, with a Complaint alleging that it was filed against "Defendant, United States of America and/or Patrick R. Donahoe, Postmaster General of the United States Postal Service."[8] Specifically, Knott presented a claim for civil assault[9] for which she sought money damages. She served process on Donahoe in May 2011.[10]

---

[5] Defendant's memo at 2 (citing *City of Pearl, Mississippi v. Martin*, No. 3:10-cr-00021-WHB-LRA).

[6] Exhibit 1 to Defendant's Memo [Docket No. 6-1] (hereinafter "Judge Anderson's R&R") at 5-8. For a thorough explanation of the concept, see *City of Jackson v. Jackson*, 235 F. Supp. 2d 532, 534-35 (S.D. Miss. 2002) (Lee, J.). *See also Shiraishi v. Kubo*, 2011 WL 2532498, *2 (D. Hawaii June 23, 2011) (the purpose of Section 1142 "is to protect the Federal Government from the interference with its operations that would ensue were a state able, for example, to arrest and bring to trial in a State court for an alleged offense against the law of the State, officers and agents of the Federal government acting . . . within the scope of their authority") (quoting *Watson v. Phillip Morris Cos.*, 551 U.S. 142, 147 (2007) (citing *Willingham v. Morgan*, 395 U.S. 402, 406 (1969) (quotations and modifications omitted)).

[7] Opinion and Order [Docket No. 5] in *City of Pearl, Mississippi v. Martin*, No. 3:10-cr-00021-WHB-LRA (hereinafter "Judge Barbour's Order").

[8] Complaint at 1. The only named defendant in the caption of the case, however, is Patrick R. Donahoe, Postmaster General.

[9] *See* Complaint at 2 ("7. On November 4, 2009, Plaintiff was assaulted by USPS employee Herbert D. Martin in the Kroger parking lot in Pearl[,] Mississippi. 8. Plaintiff was at the Pearl Flea Market when she was assaulted.").

[10] Summons Returned Executed [Docket No. 4]. Two summonses were issued via certified mail. One was issued to Patrick R. Donahoe, Postmaster Genaral, care of Attorney

2

Without filing a responsive pleading, Donahoe moved to dismiss on June 27, 2011.[11] Specifically, Donahoe argued that either *res judicata* or collateral estoppel barred Knott from proceeding with her claim because, in Donahoe's view, the criminal prosecution regarding Knott's contentions conclusively addressed the same matters constituting her civil Complaint. After briefing concluded on that motion, the Court *sua sponte* ordered a round of supplemental briefing on three questions:"[w]hether the United States, and not the responsible agency or employee, is the proper defendant in a Federal Tort Claims Act suit, and if so, whether dismissal of this action is required,"[12] whether Knott's assault claim is exempted from the Federal Tort Claims Act's waiver of immunity,[13] and whether the claim falls within the waiver's exception for discretionary functions.

In her supplemental brief, Knott conceded that the United States, and not Donahoe, was the proper party, and she "request[ed] that she be given the opportunity to amend her complaint to name the proper party instead of dismissing her case so that her claim may relate back to the original filing date."[14] Donahoe filed no response to Knott's supplemental brief.

## ANALYSIS

---

General of the United States 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001. A second summons was issued to Donahoe, care of the Law Department, National Tort Center of the United States Postal Service in St. Louis, Missouri.

[11] Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [Docket No. 5].

[12] Order [Docket No. 11] at 1.

[13] Both parties agree that claims of assault are not exempted from the waiver of immunity, and therefore, this opinion does not address the issue.

[14] Plaintiff's Supplemental Response to Motion to Dismiss [Docket No. 15] at 1.

**Whether Either *Res Judicata* or Collateral Estoppel Warrants Dismissal of Knott's Claim.** In Donahoe's view, the action is precluded by either *res judicata* or collateral estoppel. Donahoe's original motion to dismiss presents no other grounds for dismissal, and neither of these doctrines provides a basis for dismissal.

Although conceptually distinct, *res judicata* and collateral estoppel are closely related. *Res judicata*, known synonymously as claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."[15] On the other hand, collateral estoppel – also known as issue preclusion[16] – "bars relitigation of *issues* that were *actually* litigated and decided in a previous action."[17]

The distinction turns on the differing roles that may be played by a final judgment. As Judge Learned Hand famously explained,

> [a] judgment may be a merger or bar [*res judicata*/claim preclusion], or it may be an estoppel [collateral estoppel/issue preclusion]. For the first, the cause of action must be the same; for the second, they may be as different as possible. On the other hand, the merger or bar extends, not only to all matters pleaded, but to all that might have been, while the estoppel extends only to facts decided and necessary to the decision.[18]

Each doctrine has several elements that must be met prior to proper invocation, but for both concepts, identity of the parties is crucial; *res judicata* cannot be invoked unless "the parties are identical or in privity,"[19] and likewise, "when an issue of ultimate fact has once been

---

[15] *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999).

[16] *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984).

[17] *Matter of Gober*, 100 F.3d 1195, 1200 (5th Cir. 1996) (emphases added).

[18] *Irving Nat'l Bank v. Law*, 10 F.2d 721, 724 (2nd Cir. 1926).

[19] *Southmark Corp.*, 163 F.3d at 934.

determined by a valid and final judgment," then under the doctrine of collateral estoppel, "that issue cannot again be litigated *between the same parties* in any future lawsuit."[20]

According to Donahoe, the matter at hand satisfies that requirement. Although the parties at hand are technically unique from those involved in the criminal prosecution, Donahoe contends that because Knott's criminal complaint initiated the prosecutions, the City of Pearl merely brought the case on her behalf.[21] Knott, on the other hand, argues that "[t]he parties in the criminal case and the current case are completely different."[22]

Neither party offers a great deal of authority in support of its position, but research and arguments persuade in favor of Knott. In the criminal prosecution, the City of Pearl, Mississippi, pursued criminal charges against Herbert D. Martin, whom she alleged committed an assault against her.[23] In the case at hand, though, Knott hopes to hold Donahoe, the postmaster general, liable,[24] and neither of these parties enjoyed such status in the criminal case.

---

[20] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 868 (5th Cir. 2000) (emphasis added); *Nations v. Sun Oil Co. (Delaware)*, 705 F.2d 742, 744 (5th Cir. 1983) (observing that collateral estoppel should "be applied only when the alignment of the parties . . . warrant[s] it"); *S. Pac. R. Co. v. United States*, 168 U.S. 1, 48-49 (1897) ("[A] right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit *between the same parties or their privies*[.]") (emphasis added).

[21] Defendant's Memo at 7.

[22] Plaintiff's Response to Motion to Dismiss [Docket No. 7] (hereinafter "Knott's Response") at 1.

[23] *See* Judge Barbour's Order.

[24] This is not to say that Donahoe is a proper defendant. Indeed, the Complaint mentions Donahoe only once: when it names him as a defendant and describes how he may be served with process. Complaint at 1. No theory of liability is offered, since not even Knott argues that he was involved with her alleged assault. But the limited purpose of the question at hand is to determine whether the parties of this civil action are identical to the parties of the criminal prosecution.

In this case, Donahoe concedes that this illustrates "a technical distinction between the parties" but that "this is a distinction without a difference" because "Knott was the affiant on behalf of which[ ] the City of Pearl brought its case."[25] But Donahoe offers no authority for the proposition that, for purposes of ensuing *res judicata* or collateral estoppel, a victim in a criminal case is considered to be the true plaintiff in interest. In other words, Donahoe seeks judgment as a matter of law on a basis for which he offers no support in precedent – a shortcoming that commonly compels courts to decline to grant the requested relief.[26] Moreover, if such authority exists, then it eludes research.

And although Knott likewise offers no authority in support of her position, she offers compelling arguments against finding an identity among the parties in the two cases:

> Since Ms. Knott was not the plaintiff in the criminal case she had (1) no choice in the criminal charges or civil actions pursued in that case, (2) no choice in the lawyers who pursued them, (3) no input into what evidence was presented, and (4) no choice in what legal arguments were made or waived.[27]

Knott does not explicitly refer to the concept, but "[i]t is understood, of course, that a party shall have had a full and fair opportunity to litigate an issue before being bound by the result in a later trial."[28] Even if one accepts the suggestion that her allegations formed the sole

---

[25] Defendant's Memo at 7.

[26] *See Gray v. Epps*, 2008 WL 4793796, *41 (S.D. Miss. 2008); *Richardson v. Epps*, 2007 WL 1826922, *5 (N.D. Miss. 2007) ("Petitioner has failed to cite to any legal authority or portions of the record for this conclusory and all encompassing allegation. He devotes virtually no argument or attention to this issue. Therefore, neither will the court.").

[27] Knott's Response at 1-2.

[28] *Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., Inc.*, 776 F.2d 1270, 1275 (5th Cir. 1985) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)).

impetus for the criminal prosecution's initiation, that fact alone does not demonstrate any degree of control over the first case. In fact, charging parties have little control over how or even whether their case is even brought for prosecution. The State has the exclusive authority to determine whether it will expend its resources in prosecuting a case. It has the right to consider a number of factors including the credibility of the charging party. The mere fact that a prosecution results in favor of the defendant via *nolle prosequi*, dismissal, or acquittal does not bar the charging party from pursuing a civil remedy.

Moreover, if the Court were to consider the victim of a criminal act to be the true plaintiff in interest of any criminal prosecution (thereby exposing any future civil actions to preclusion), then the perverse result would be to force the victims of crimes to choose between retribution and restitution. This seems a particularly unjust outcome that should be avoided if fundamental fairness is to play any role at all in this calculus.

Therefore, the Court concludes that the parties to the two cases were not identical and, therefore, that neither *res judicata* nor collateral estoppel bars Knott's claim.[29]

**Whether the Complaint May Be Amended to Name the United States as a**

---

[29] More fundamentally, Magistrate Judge received the evidence, dismissed the action, and that dismissal was ultimately affirmed by Judge Barbour. Her basis for dismissing the action, however, was that the postal inspector could not "be called to account in a criminal case brought in state court, based upon provisions of a state statute." Order at 7 (quoting *Petition of James P. McShane for a Writ of Habeas Corpus*, 235 F. Supp. 262, 274 (N.D. Miss. 1964)). *See also supra* at n.6. The postal inspector, as Judge Anderson noted, could not "be called to answer a criminal charge brought by the State of Mississippi or a political subdivision thereof." *Id*. at 8. Also, even if the court could find that Knott was the true plaintiff in the matter previously litigated, there is a different burden of proof (beyond a reasonable doubt) in the criminal proceeding from the burden of proof (preponderance) to be employed in these civil proceedings resulting from the instant Complaint. That fact alone precludes the application of the doctrine of collateral estoppel. *Lanier v. Oktibbeha Cnty. Hosp*., 1996 WL 671361, *4 n.7 (N.D. Miss. Sept. 26, 1996).

**Defendant.** As an initial matter, it should not go unmentioned that this Court's Local Rules provide that "[a]ny written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion . . . ."[30] Knott's request for leave to amend her complaint should have been presented within a proper motion rather than a brief. However, it does not escape the Court's notice that Donahoe neither objected to the manner in which Knott posed her request nor responded to the substance of the prayer itself, despite having enjoyed the right to do so.[31] Therefore, the Court overlooks any technical styling errors and construes Knott's request as a motion to amend.

The central question presented by that motion is whether such an amendment would relate back to the date on which Knott filed her Complaint. This is true because the Federal Tort Claims Act, which is the exclusive vehicle "for damages for injury or loss of property resulting from the negligent or wrongful conduct of any employee of the Government while acting within the scope of his office or employment,"[32] "applies a two-year statute of limitations from the accrual date of the cause of action."[33] Therefore, the statute of limitations on Knott's claim expired on November 4, 2011 – ten days before Knott first asked to amend her Complaint to substitute the United States as a defendant, and she is forced to rely on the doctrine of relation back.

---

[30] L. U. Civ. R. 7(b).

[31] *See* Order at 2 ("Within 14 days after service of the opposing party's brief, each party shall be permitted to file a response in opposition thereto.").

[32] *McLaurin v. United States*, 392 F.3d 774, 777 (5th Cir. 2004).

[33] *Brown v. Nationsbank Corp.*, 188 F.3d 579, 589 (5th Cir. 1999).

Rule 15(c), which provides for relation back of claims delineated after the expiration of a limitations period, establishes that the substitution of a new defendant will relate back to the timely stated claims if

> within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment
> > (i) received such notice of the action that it will not be prejudiced in defending the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[34]

And when a plaintiff amends a complaint to name the United States as a defendant, these requirements are satisfied if "during the . . . period [provided by Rule 4(m)], process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency."[35]

In the case at hand, the record reflects that service was perfected in May 2011 on Donahoe, care of the Law Department of the United States Postal Service in St. Louis, Missouri, via certified mail.[36] The service upon Donahoe occurred well within the 120-day period for service prescribed by Rule 4(m). This demonstrates that the United States, although not served with process,[37] was on notice that Knott had filed a lawsuit in which it was the proper

---

[34] Fed. R. Civ. P. 15(c)(1)(C)

[35] Fed. R. Civ. P. 15(c)(2). Presumably, once served, Donahoe and/or the Postal Service took the necessary steps to have a responsive pleading filed on its behalf. Indeed, the United States Attorney appeared on behalf of "the Defendant" and asked this Court to dismiss the action as being barred by collateral estoppel and/or *res judicata*. There has been no contention that Donahoe or the Postal Service was not served or that they had no notice of the lawsuit.

[36] The proof of service is dated May 6, 2011. Summons Returned Executed [Docket No. 4] at 2.

[37] *See* Fed. R. Civ. P. 4(i).

9

defendant.[38] "[I]t is *notice* and not service that Rule 15(c) requires."[39] Because process was mailed to Donahoe, notice by the United States is established, and Rule 15(c)(1)(C)(i) is satisfied.

That leaves only the question of Rule 15(c)(1)(C)(ii), which is whether the United States "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." The Fifth Circuit recently identified this issue but did not rule thereon in *Al-Dahir v. Federal Bureau of Investigation*,[40] which concerned the effectiveness of a plaintiff's attempt to amend his complaint to name the United States as a defendant, despite the fact that the statute of limitations had run on his FTCA claim. According to the *Al-Dahir* panel, the United States therein

> note[d] that a mistake in naming parties can sometimes be apparent when a cause of action is only cognizable against the United States. For example, the FTCA provides that the United States is the proper defendant in an FTCA action based on the acts of any employee of the Government . . . acting within the scope of his office or employment. . . . In the context of FTCA actions, courts sometimes find that amendments relate back to the date of the original complaint in light of the fact that the United States is the *only* proper defendant."[41]

Ultimately, the *Al-Dahir* Court declined to rule on the question because the claims

---

[38] *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485, 2490 (2010) (relation back of a claim against a defendant named in an amendment "depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading.").

[39] *Montgomery v. U.S. Postal Serv.*, 867 F.2d 900, 903 (5th Cir. 1989) (emphasis in original).

[40] *Al-Dahir v. F.B.I.*, 2011 WL 4912100 (5th Cir. Oct. 17, 2011).

[41] *Id.* at *4 (quotations omitted) (citing *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008)).

presented in that case's original complaint were neither FTCA claims nor any other claims that could only have been brought against the United States. But in the case at bar, Knott has always couched her claim as one arising under the FTCA, and the *Al-Dahir* Court's musings on this last remaining question are instructive: in Knott's FTCA action, the only appropriate defendant has always been the United States.

The Court is not unaware that the Fifth Circuit has taken a narrow view of Rule 15(c)(1)(C)(ii), which requires that the defendant to be included by amendment "knew or should have known that the action would have been brought against it, but for a *mistake* concerning the proper party's identity."[42] But a decision explicitly referred to by the *Al-Dahir* panel addresses precisely that issue. In *Jackson v. Kotter*,[43] the Seventh Circuit reiterated its adherence to a rule likewise followed by the Fifth Circuit: that "[n]ot knowing a defendant's name is not a mistake under Rule 15,"[44] and therefore, that an amendment substituting a named party for a John Doe defendant cannot relate back. But the Seventh Circuit continued and remarked that

> [o]n the other hand, it seems that the legal mistake [of suing someone other than the United States in an FTCA case] . . . is the very type of mistake Rule 15 contemplates. We have explained that a legal mistake concerning whether to sue an institutional or individual defendant brings the amendment within the purview of Rule 15.[45]

---

[42] *See Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998) (emphasis added) (followed with reservations by *Johnson v. Burnett*, 2011 WL 976579, **2-4 (S.D. Miss. March 17, 2011) (Reeves, J.)) (holding that a pleading amendment following the close of the limitations period will not relate back to a John Doe defendant because such a party is not named by "mistake").

[43] *Jackson v. Kotter*, 541 F.3d 688 (7th Cir. 2008).

[44] *Id.* at 696.

[45] *Id.* (quotation and citations omitted). *See also Johnson*, 2011 WL 976579 at *4 n.1 (citing *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997) (noting that commentary

Similarly, in a wrongful-death case that should have been brought against a sheriff individually but that was brought mistakenly against the sheriff's department, the Fifth Circuit held that "[w]here service of the original complaint is perfected upon an agent of a party sought to be brought in by amendment, there is adequate notice of the action to that party,"[46] and therefore that relation back is appropriate. This indicates that the Fifth Circuit, like the Seventh Circuit in *Jackson v. Kotter*, would view the decision to file suit against an individual rather than an institution (in this case, the United States) as a legal mistake of the variety contemplated by Rule 15(c).

And from a more practical standpoint, it is difficult to envision an argument under which the United States might contend that Knott has deprived it of notice so as to prejudice its defense, because the same attorneys would represent either party. If Knott had filed suit originally against the United States, then the defense would be overseen by the Civil Division of the Office of the United States Attorney for the Southern District of Mississippi – the very same staff overseeing Knott's defense. From defense counsel's point of view, this case has not been litigated differently in any manner to this point than it would have been if Knott had named the United States as the proper defendant rather than Donahoe.

Therefore, centrally concerned as it is purely with the question of "what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in

---

to rules indicates that Rule 15 is generally intended to be a means for correcting mistakes of plaintiffs suing official bodies in determining which party is the proper defendant).

[46] *Kirk v. Cronvich*, 629 F.2d 404, 407 (5th Cir. 1980) (overruled in part on other grounds as noted by *Honeycutt v. Long*, 861 F.2d 1346, 1352 n.9 (5th Cir. 1988)).

seeking to amend the pleading,"[47] this Court is satisfied that the United States received timely notice of this FTCA action, notwithstanding the fact that Knott improperly named Donahoe as the defendant. During the period stated by Rule 4(m), process in this action was served on the officer in question, thereby putting the United States on notice of the action at such a time that it will not be prejudiced in defending on the merits and at which time it knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 15(c) is satisfied, and therefore, Knott's motion to amend her Complaint to substitute the United States as defendant is granted. Knott shall file her Amended Complaint within 20 days of this Order's entry and serve process according to the terms of Rule 4(i).

**Whether Knott's Claim of Assault Falls Within the Discretionary-Function Exception to the FTCA's Waiver of Sovereign Immunity**. In their supplemental briefs, the parties differ on the subject of whether the conduct of the postal inspectors in question, as pled in Knott's Complaint, rises to such a level as would bring it outside the scope of the discretionary function-exception of the FTCA's waiver of sovereign immunity.[48]

But Donahoe bases his position entirely on factual findings made by the district court during the aforementioned criminal action,[49] and as the Court has explained, those conclusions

---

[47] *Krupski*, *supra* at n.29.

[48] *See Sutton v. United States*, 819 F.2d 1289, 1291 (5th Cir. 1987) (citing 28 U.S.C. § 2680(a)).

[49] Defendant's Response to the Court's September 23, 2001 Order Directing Further Briefing [Docket No. 12] at 4-7.

carry no compulsory force in this matter.[50] Instead, in the context of this Rule 12(b)(6) motion,[51] the question is whether Knott's Complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when it the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[52]

It is true that decisions related to law enforcement typically are discretionary functions, but the Fifth Circuit "ha[s] not hesitated to conclude that such action does not fall within the discretionary function . . . when governmental agents exceed the scope of their authority as designated by statute or the Constitution."[53] In the context of a claim regarding excessive force, the Fourth Amendment permits only that force which is reasonable,[54] and in turn, that determination is governed by factors "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."[55]

Knott alleges that on the day she met the postal inspectors, one of the inspectors "stepped towards [sic] Plaintiff and grabbed her right arm and twisted it to the back of her."[56] Knott also

---

[50] *See supra* at 3-7.

[51] *See Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994) ("[w]e may not look beyond the pleadings" when reviewing a motion to dismiss under Rule 12(b)(6)).

[52] *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

[53] *Sutton*, 819 F.2d at 1293.

[54] *Graham v. Connor*, 490 U.S. 386, 394 (1989).

[55] *Id.* at 396.

[56] Complaint at 5.

contends that, after releasing her for a few moments, the inspector "came back and grabbed Plaintiff's right arm again and twisted it behind Plaintiff and then out [*sic*] handcuffs on her."[57] Knott's Complaint contains no hint of any criminal activity or threat on her part, and she does not suggest that she either resisted arrest or evaded arrest.

Bound at this stage of the proceedings to accept these facts as true, the Court views Knott's claim as one that states a plausible claim for relief, notwithstanding the FTCA's discretionary-function exception.

## CONCLUSION

Neither of the grounds offered by Donahoe as bases for dismissal are appropriate. Additionally, none of the issues addressed pursuant to the required supplemental briefing requires dismissal. Therefore, Donahoe's Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted [Docket No. 5] is denied. Knott shall comply with the terms of the Court's leave to amend detailed herein.

SO ORDERED this Twentieth day of December 2011.

                                           /s/ *Carlton W. Reeves*
                                           Hon. Carlton W. Reeves
                                           United States District Court Judge

---

[57] Complaint at 5.